IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH and DYNAENERGETICS US, INC., | ) ) ) | Civil Action |
| Plaintiffs, | ) ) ) | No. 6:21-cv-00349-ADA |
| v. | ) ) | Judge Alan D. Albright |
| HORIZONTAL WIRELINE SERVICES, LLC and ALLIED WIRELINE SERVICES, LLC, | ) ) ) ) ) | *Electronically Filed* |
| Defendants. | ) | |

**DEFENDANTS' OPPOSED MOTION TO STAY
PENDING RESOLUTION OF PATENT OWNERSHIP DISPUTE**

Plaintiffs, DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics"), allege that Defendants, Horizontal Wireline Services, LLC and Allied Wireline Services, LLC (collectively, "Defendants"), infringe U.S. Patent No. 10,844,697 ("the '697 patent"). On August 26, 2021, third-party SWM International, LLC ("SWM") filed an action in the U.S. District Court for the District of Colorado seeking a declaratory judgment that it is the co-owner of the '697 Patent (the "SWM Action"). *See* Ex. A (*SWM International, LLC v. DynaEnergetics Europe GmbH, et al.*, No. 1:21-cv-2315, Dkt. No. 1 (D. Colo. Aug. 26, 2021)).

SWM alleges that DynaEnergetics used misrepresentations and other improper means to induce David C. Parks, one of the inventors of the '697 Patent, to assign his company's rights in the invention to DynaEnergetics. Ex. A at ¶¶ 28–39. SWM further alleges that upon learning of DynaEnergetics' misrepresentations and subsequent enforcement activities against SWM and others, Mr. Parks executed a new assignment transferring JDP's rights in the '697 Patent to SWM.

Ex. A at ¶ 40.  SWM seeks a declaration that the original assignment to DynaEnergetics is void and voidable and that SWM is a co-owner of the '697 Patent.

If the patent ownership issue is resolved in SWM's favor, DynaEnergetics would not have standing to continue prosecuting its claims in this suit, requiring dismissal of its claims against Defendants.  Defendants recently learned of the potential ownership dispute, which issue has been raised in an earlier motion filed in this Court by G&H Diversified Manufacturing, LP ("G&H"), who is also defending against a claim by DynaEnergetics regarding the same patent.  *See DynaEnergetics Europe GmbH, et al. v. G&H Diversified Manufacturing, LP*, No. 6:20-cv-01110 (W.D. Tex.).

Defendants have considered the arguments made by SWM in the Colorado suit and by G&H in this Court, and agree with the reasoning set forth in G&H's motion, attached as Ex. B (*DynaEnergetics Europe GmbH, et al. v. G&H Diversified Manufacturing, LP,* No. 6:20-cv-01110, Dkt. No. 48 (W.D. Tex. Oct. 7, 2021)).  Defendants are aware that other defendants have filed substantively similar motions in their cases before this Court.  *See* Ex. C (*DynaEnergetics Europe GmbH, et al. v. NexTier Completion Solutions, Inc.*, No. 6:20-cv-01201, Dkt. No. 53 (W.D. Tex. Oct. 7, 2021)); Ex. D (*DynaEnergetics Europe GmbH, et al. v. GR Energy Services Operating GP LLC, et al.,* No. 6:21-cv-00085, Dkt. No. 37 (W.D. Tex. Oct. 13, 2021).  Defendants join in these requests that this Court stay the related DynaEnergetics' cases pending resolution of the fundamental ownership issue.

A stay of claims asserting the '697 Patent is appropriate to allow resolution of the ownership issue while preventing a waste of judicial resources and the substantial expenditure of time and money by the parties on a lawsuit that may be mooted if SWM prevails on its motion. As more particularly described in G&H's motion (Ex. B), the issue before this Court is whether a

stay pending resolution of the SWM Action (which may be dispositive of this litigation) would simplify the issues related to the '697 Patent and reduce the burden of litigation on the parties and this Court without unfair prejudice to DynaEnergetics.

Defendants incorporate by reference the arguments and authorities cited by G&H in support of a stay. Ex. B. In summary, good cause exists to grant these motions to stay because DynaEnergetics' right to bring suit on the asserted patent has been challenged. *See Optimal Golf Solutions, Inc. v. Altex Corp.*, No. 3:09-CV-1403-K, 2009 WL 10733424, at *1 (N.D. Tex. Sept. 30, 2009); *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 963-64 (S.D. Cal. 1996). If a stay is not granted, and the Colorado court later determines that DynaEnergetics does not to have the legal right to prosecute claims related to the '697 Patent, the time and financial resources spent by the parties and this Court in litigating this suit will have been expended needlessly.

Importantly, the requested stay will not unduly prejudice DynaEnergetics. A "'mere' delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Nussbaum v. Diversified Consultants, Inc.*, No. 15-600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (*citing, Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014)). "Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014). There has been minimal case activity, as this case is in its early stages. Claim construction briefs have not yet been filed. Fact discovery does not open until January. A reasonably short delay to allow for resolution of this fundamental issue before the parties and this Court move forward will not unduly prejudice DynaEnergetics, but will instead streamline the related cases and avoid unnecessary costs and efforts on behalf of the parties (and this Court). *See Rmail Ltd. v. Amazon, Inc.*, No. 2:10-CV-258, 2014 WL 11394910,

at *6 (E.D. Tex. Jan. 30, 2014) (allowing time for litigation of state law ownership issues where the case remained at an early stage).

For the reasons stated herein, and as elaborated in G&H's motion (Ex. B), Defendants seek a stay of this case pending resolution of the issue of ownership of the '697 Patent.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: October 19, 2021

s/ *Bryan P. Clark*
Kent E. Baldauf, Jr.
Bryan P. Clark
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

AND

Jason R. Grill (TX ID No. 24002185)
**STEPTOE & JOHNSON PLLC**
17088 Hughes Landing Blvd., Suite 750
The Woodlands, TX 77380
281.203.5700
281.203.5701 (fax)
jason.grill@steptoe-johnson.com

*Attorneys for Defendants*

No. 6:21-cv-00349-ADA

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2021, I electronically filed the foregoing **DEFENDANTS' OPPOSED MOTION TO STAY PENDING RESOLUTION OF PATENT OWNERSHIP DISPUTE** with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

**THE WEBB LAW FIRM**

s/ *Bryan P. Clark*
Bryan P. Clark

# CERTIFICATE OF CONFERENCE

I hereby certify that on October 19, 2021, counsel for Defendants conferred with counsel for DynaEnergetics by email wherein counsel for DynaEnergetics stated that they oppose the relief sought in the present Motion.

**THE WEBB LAW FIRM**

s/ *Bryan P. Clark*
Bryan P. Clark